IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TMC ACQUISITIONS LLC d/b/a TAILOR MADE COMPOUNDING<br><br>Plaintiff,<br><br>v.<br><br>COALITION FOR RESPONSIBLE COMPOUNDING LLC, EMPOWER CLINIC SERVICES, L.L.C., AND SHAUN NOORIAN<br><br>Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff TMC Acquisitions LLC d/b/a Tailor Made Compounding ("TMC") through counsel, brings this action against Defendants Coalition for Responsible Compounding, LLC ("the Coalition"), Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") and Shaun Noorian ("Mr. Noorian") (collectively, "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. TMC brings this action to address repeated and malicious false statements that Defendants have made about TMC. Specifically, Defendants have published statements on multiple occasions that TMC is (1) compounding, marketing, selling, and distributing BPC-157 and PTD-DBM (the "Peptide Drugs") in violation of federal and state law (the "Statements") and (2) marketing products with the Peptide Drugs as a dietary supplement. In fact, TMC has *never* compounded the Peptide Drugs or sold them as dietary supplements.

2. Defendants knew or should have known that the Statements were false because of (1) prior conversations between representatives of TMC and Mr. Noorian, who founded and controls the Coalition and who is also the founder, CEO, and Chairman of the Board of Directors

of Empower, one of TMC's largest competitors and (2) information specifically referenced in TMC's product catalog.

3. Once TMC learned of Defendants' false statements, it contacted Mr. Noorian to request that Defendants retract or correct them. In their response, Defendants admitted, either expressly or impliedly, that they did not have current evidence to support the allegations made in multiple complaints to state pharmaceutical boards. Defendants further represented to TMC that they would update the various boards of the absence of evidence supporting the Statements. Defendants have subsequently refused to make a full retraction of their complaint such that TMC would be spared the harm to its business and reputation resulting from the Statements.

## PARTIES

4. Plaintiff TMC is a Kentucky limited liability company with a principal place of business at 200 Moore Dr., Nicholasville, Kentucky 40356. The members of TMC Acquisitions, LLC are citizens and residents of Arizona, Kentucky, or Indiana.

5. Defendant the Coalition is a Delaware limited liability company and may be served with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. To the best of TMC's knowledge, none of the members of the Coalition are citizens or residents of Arizona, Kentucky, or Indiana.

6. Defendant Empower is a Texas limited liability company with a principal place of business at 7601 N Sam Houston Pkwy W Ste 100, Houston, Texas, 77041. To the best of TMC's knowledge, none of the members of Empower are citizens or residents of Arizona, Kentucky, or Indiana.

7. Mr. Noorian is a Texas resident, the founder and manager of the Coalition, and the founder, CEO, and Chairman of the Board of Directors of Empower.

8. As managing member of the Coalition, Mr. Noorian is subject to service of process at the registered agent of the Coalition.

9. Mr. Noorian and the Coalition are alter egos of each other.

10. The Coalition and Mr. Noorian were acting as agents of Empower when they made the Statements giving rise to this action.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over the Coalition by virtue of its status as a Delaware limited liability company.

13. This Court has personal jurisdiction over Mr. Noorian pursuant to his role as managing member of the Coalition.

14. This Court has personal jurisdiction over Empower pursuant to 10 *Del. C.* § 3104(c)(1) because Empower transacts business in the State.

15. This Court has personal jurisdiction over Empower pursuant to 10 *Del. C.* § 3104(c)(4) because Empower regularly solicits business in the State, derives substantial revenue from things consumed in this State, and caused a tortious injury to TMC.

16. This Court has personal jurisdiction over Mr. Noorian pursuant to his role as managing member of the Coalition.

17. Venue is proper in this Court under 28 U.S.C. § 1391(b) because one of the defendants, the Coalition, is a resident of the state of Delaware.

**FACTUAL BACKGROUND**

A.  **TMC's Compounding Business and FDA Compliance**

18.  TMC is a compounding pharmacy under Section 503A of the Federal Food, Drug, & Cosmetic Act, 21 U.S.C. § 353A ("FD&C Act") that dispenses medications on a patient specific basis pursuant to a prescription from a medical provider. Compounding is a traditional pharmaceutical practice that involves combining, mixing, or altering drug ingredients to create a medicine that better suits patient needs – for example, removing an allergen from an FDA-approved drug or lowering its dosage for pediatric patients. *See* John F. Marriott, et al., *Pharmaceutical Compounding & Dispensing* 4 (2d ed. 2010); C. James Watson, et al., *Pharmaceutical Compounding: A History, Regulatory Overview, and Systematic Review of Compounding Errors*, Journal of Medical Toxicology, at 198 (2021).

19.  Section 503A compounding pharmacies are subject to state regulation. TMC is licensed by the boards of pharmacy in forty-six (46) states.

20.  The Federal Drug Administration ("FDA") regulates compounding pursuant to the FD&C Act.

21.  As a Section 503A compounding pharmacy, and consistent with Section 503A's statutory provisions (Section 503A(a)(1)(A) of the Federal Food, Drug, & Cosmetic Act), TMC only compounds using bulk substances that (1) comply with an applicable United States Pharmacopeia (USP) or National Formulary (NF) monograph if one exists, and the USP chapter on pharmacy compounding; (2) are components of FDA-approved drug products if an applicable USP or NP monograph does not exist; or (3) appear on Category One of the FDA's interim or final list of bulk drug substances that can be used in compounding (the "503A Bulk List") if such a

4

monograph does not exist and the substance is not a component of an FDA-approved drug product (collectively, the "Eligible Substances").

### B. The Coalition's False and Defamatory Statements to State Boards of Pharmacy

22. Mr. Noorian is the founder, CEO, and Chairman of the Board of Directors of Empower. Empower operates both a compounding pharmacy under Section 503A of the FD&C Act and registered outsourcing facility. Empower is one of TMC's largest competitors.

23. The Coalition was formed by Mr. Noorian as a Delaware limited liability company on March 8, 2024. *See* Exhibit 1 (Coalition Certificate of Formation).

24. On its website, the Coalition purports to represent "compounding pharmacies and health professionals committed to promoting safe and responsible compounding practices to and protecting access to safe compounded drugs."

25. Mr. Noorian, acting as an agent of Empower, formed the Coalition to serve as a means through which Mr. Noorian could weaponize government offices against Empower's competitors.

26. On May 24, 2024, Mr. Noorian and the Coalition caused to be filed a complaint with the Wisconsin Board of Pharmacy against TMC ("Wisconsin BOP Complaint"). In the Wisconsin BOP Complaint, the complainant falsely alleges, among other things, that in October 2023, TMC marketed and made the Peptide Drugs available for compounding in the State of Wisconsin, in violation of Wisconsin state law and that TMC "marketed, sold, and distributed these Peptide Drugs despite their failure to satisfy the 503A criteria. This behavior shows a disregard for the danger to patients' health in violation of Wisconsin state law and the Federal Food, Drug, and Cosmetic Act." A copy of the Wisconsin BOP Complaint is attached as Exhibit 2.

27. The statements made in the Wisconsin BOP Complaint are false and defamatory. TMC has never compounded BPC-157 nor PTD-DBM. TMC compounds exclusively with the Eligible Substances, consistent with its obligation pursuant to Section 503A.

28. On or around May 24, 2024, Mr. Noorian and the Coalition caused to be filed a complaint with the Indiana Board of Pharmacy against TMC ("Indiana BOP Complaint"). In the Indiana BOP Complaint, the complainant falsely alleges, among other things, that in October 2023, TMC marketed and made the Peptide Drugs available for compounding in the State of Indiana, in violation of Indiana state law and that TMC "marketed, sold, and distributed these Peptide Drugs despite their failure to satisfy the 503A criteria. This behavior shows a disregard for the danger to patients' health in violation of Indiana state law and the Federal Food, Drug, and Cosmetic Act." A copy of the Indiana BOP Complaint is attached as Exhibit 3.

29. The statements made in the Indiana BOP Complaint are false and defamatory. TMC has never compounded BPC-157 nor PTD-DBM. TMC compounds exclusively with the Eligible Substances, consistent with its obligation pursuant to Section 503A.

30. On or around the same time that the Wisconsin BOP Complaint was filed, Mr. Noorian and the Coalition filed or caused to be filed a complaint against TMC with the Missouri Board of Pharmacy (the "Missouri BOP Complaint").

31. The Missouri BOP Complaint contained multiple false and defamatory statements similar to those contained in the Wisconsin BOP Complaint.

32. On or around the same time that the Wisconsin BOP Complaint was filed, Mr. Noorian and the Coalition filed or caused to be filed a complaint against TMC with the Michigan Board of Pharmacy ("Michigan BOP Complaint").

6

33.  The Michigan BOP Complaint contained multiple false and defamatory statements similar to those contained in the Wisconsin BOP Complaint.

34.  On or around the same time that the Wisconsin BOP Complaint was filed, Mr. Noorian and the Coalition filed or caused to be filed a complaint against TMC with the New Mexico Board of Pharmacy ("New Mexico BOP Complaint").

35.  The New Mexico BOP Complaint contained multiple false and defamatory statements similar to those contained in the Wisconsin BOP Complaint.

36.  TMC believes that, between February 2024 to present, Mr. Noorian and the Coalition caused to be filed numerous other complaints against TMC that TMC "marketed BPC-157 and PTD-DBM… available for compounding in the state of [XXXX]…" The statements in these complaints are knowingly and blatantly false and defamatory.

37.  The false and defamatory statements made by or at the behest of the Coalition and Mr. Noorian, acting as an agent of Empower, regarding TMC are part of a pattern of malicious attacks against Empower's competitors to injure their businesses and thereby advance Empower's business.

38.  The complainant included a copy of TMC's 2023 product catalog with its state board of pharmacy communications. Importantly, this product catalog, which the complainant exclusively relied upon to support allegations filed with state boards, contradicts the allegations made in the complaints. TMC's 2023 product catalog is attached here as Exhibit 4 (the "Product Catalog").

39.  The complaints themselves contain glaring errors and indications of the falsity of the allegations. For example, the Wisconsin BOP Complaint states that TMC "operates a website for the marketing and promotion of compounded drugs to physicians and consumers in the State

of Wisconsin, distributes catalogs to physicians and clinicians, and uses traditional and social media to market its product to prescribing physicians." However, by definition, as a 503A compounding pharmacy, TMC only dispenses drugs on a patient specific basis pursuant to a prescription from a medical provider. Consequently, TMC has not shipped or otherwise distributed products to Wisconsin practitioners or medical clinics, including, without limitation, physicians, nurse practitioners, and physician assistants that were not handled as patient specific prescriptions.

40. The timing of the complaints also indicate malice. While the Coalition had previously been operating as an unincorporated entity, the Coalition registered in Delaware as a limited liability company shortly before submitting its false complaints about TMC – suggesting that Mr. Noorian was aware of and trying to avoid potential liability for the false and defamatory complaints that were sent shortly thereafter.

41. At a minimum, the Coalition's false representations display a blatant and reckless disregard for the truth. As noted above, even the Product Catalog submitted with the complaints contradicts the allegations made in the complaints. If the Coalition were not already aware of the falsity of its representations, this information was readily ascertainable through a careful reading of the Product Catalog. On June 7, 2024, a TMC representative contacted Mr. Noorian to demand that the Coalition issue a retraction letter to all state boards where it filed complaints based solely on inaccurate information.

        C.    **The Coalition Intended to Injure Empower's Competitors**

42. The Coalition's false and defamatory statements were successful in undermining the business of TMC, a competitor to Empower and Mr. Noorian.

43. The Coalition's false and disparaging statements accuse TMC of producing unsafe products in violation of state and federal law. Because of these statements, at least five (5) state board of pharmacy have initiated investigations into TMC. The statements in the complaints have damaged TMC's reputation and standing in the pharmaceutical community.

44. The Coalition's false and defamatory statements have also caused pecuniary injury to TMC including, without limitation, the cost of attorneys' fees reasonably incurred in responding to the investigations by the state boards of pharmacy.

45. The pecuniary injuries sustained by TMC currently total over $75,000.

46. TMC faces imminent and irreparable injury should the Coalition's false and defamatory statements not immediately be retracted or should the Coalition continue repeating and publishing its false and defamatory statements. The longer the Coalition's baseless accusations against TMC are circulated without correction, the more damage is done to TMC's reputation and business.

## CAUSES OF ACTION
### Count I – Defamation *Per Se*

47. TMC repeats and incorporates the allegations contained in the preceding paragraphs as if set forth fully herein.

48. The Coalition, by and through Mr. Noorian, acting as an agent of Empower, published multiple false and defamatory statements by written communication to third parties, as alleged above.

49. Defendants' statements are false.

50. Defendants' statements were defamatory to TMC and defamatory *per se* because they falsely assert that TMC engaged in illegal and unsafe activity.

51. Defendants made the false statements with actual malice.

52. Defendants abused any applicable privilege they had in making these false and defamatory statements.

53. Defendants' false and defamatory statements directly and proximately caused injury to TMC. Defendants' false and defamatory statements caused additional damages due to loss of reputation and special damages due to financial expenses incurred to counteract Defendants' false and defamatory statements.

54. TMC is entitled to punitive damages because Defendants' false and defamatory statements were made with actual malice, wantonness, and a conscious desire to cause injury. Defendants purposefully made the false and defamatory statements with reckless and willful indifference to their truth and to the rights of TMC.

55. Continued publication of Defendants' false and defamatory statements also threatens TMC with an imminent, irreparable injury, as does Defendants' failure to correct their prior false and defamatory statements. TMC is therefore entitled to injunctive relief and additional damages.

**Count II – Trade Libel**

56. TMC repeats and incorporates the allegations contained in the preceding paragraphs as if set forth fully herein.

57. The Coalition, by and through Mr. Noorian, published multiple false statements about TMC by written communication to third parties, as alleged above.

58. Defendants intended the false statements to cause pecuniary injury to TMC.

59. Defendants' false statements caused pecuniary injury to TMC.

60. Defendants made the false statements with actual malice.

61. Defendants abused any applicable privilege they had in making these statements.

62. Defendants' false statements directly and proximately caused injury to TMC. TMC is entitled to actual damages to compensate for its pecuniary loss resulting from Defendants' trade libel, as well as nominal damages and punitive damages.

63. TMC is entitled to punitive damages because Defendants' false statements were made with actual malice, wantonness, and a conscious desire to cause injury. Defendants purposefully made the false statements with reckless and willful indifference to their truth and to the rights of TMC.

64. Continued publication of Defendants' trade libel also threatens TMC with an imminent, irreparable injury, as does Defendants' failure to correct their prior false statements. TMC is therefore entitled to injunctive relief and additional damages.

**Count III – Deceptive Trade Practices**

65. TMC repeats and incorporates the allegations contained in the preceding paragraphs as if set forth fully herein.

66. The Coalition, by and through Mr. Noorian, disparaged the goods, services, and business of TMC by making false and misleading misrepresentations of fact to third parties, including that TMC has compounded BPC-157 and PTD-DBM in contravention of state and federal law.

67. Defendants' false and misleading representations of fact as alleged in the foregoing paragraphs occurred in the course of Defendants' business, vocation, and occupation.

68. Defendants' false and misleading misrepresentations of fact disparaged TMC's goods, services, and business are deceptive trade practices under 6 Del. C. § 2532.

69. Defendants' disparaging false and misleading representations of fact caused pecuniary injury to TMC.

70. Defendants abused any applicable privilege they had in making the disparaging false and misleading representations of fact.

71. Defendants' disparaging false and misleading representations of fact directly and proximately caused injury to TMC.

72. TMC is entitled to actual damages to compensate for its pecuniary loss resulting from Defendants' deceptive trade practices, as well as treble damages pursuant to 6 Del. C. § 2533(c).

73. Defendants' pattern of making disparaging false and misleading representations of fact warrants injunctive relief to prevent further deceptive trade practices pursuant to 6 Del. C. § 2533(a), in addition to damages.

74. Defendants willfully engaged in deceptive trade practices by making the disparaging false and misleading representations of fact with knowledge of their falsity.

75. Defendants' deceptive trade practices were made with knowledge of their falsity, and were accompanied with actual malice, wantonness, and a conscious desire to cause injury. Defendants purposefully made the disparaging false and misleading representations of fact heedlessly and with reckless and willful indifference to their truth and to the rights of TMC. Defendants' willful engagement in deceptive trade practices is exceptional, and TMC is entitled to its attorneys' fees pursuant to 6 Del. C. § 2533(b).

## PRAYER FOR RELIEF

WHEREFORE, TMC seeks judgment in its favor as follows:

1. A judgment awarding TMC compensatory damages against Defendants, including presumed general damages compensating for TMC's loss of reputation and special damages compensating for expenses incurred and other losses as a result of Defendants' conduct;

2. A judgment awarding punitive damages in the maximum amount permitted under law to TMC against Defendants;

3. A judgment awarding treble damages to TMC based on Defendants' engaging in deceptive trade practices;

4. A judgment awarding permanent injunctive relief ordering Defendants to retract their false statements against TMC and prohibiting Defendants from continuing to publish the false and disparaging statements;

5. A judgment awarding attorneys' fees to TMC based on Defendants' willful and exceptional engagement in deceptive trade practices;

6. A judgment awarding all costs of this suit to TMC;

7. A judgment awarding pre- and post-judgment interest;

8. A judgement finding the Coalition, Mr. Noorian, and Empower jointly and severally liable for all damages, fees, and costs awarded to TMC; and

9. A judgment granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,

ECKERT SEAMANS CHERIN
   & MELLOTT, LLC

*/s/ Alexandra D. Rogin*
Alexandra D. Rogin, Esq. (Bar No. 6197)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302.574.7400
F: 302.574.7401
arogin@eckertseamans.com
*Attorneys for Plaintiff*

Dated: July 22, 2024