## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TMC ACQUISITION, LLC d/b/a TAILOR
MADE COMPOUNDING,

        Plaintiff,

        v.

COALITION FOR RESPONSIBLE
COMPOUNDING LLC, EMPOWER CLINIC
SERVICES, L.L.C., and SHAUN NOORIAN,

        Defendants.

Civil Action No. 24-852-GBW

---

### MEMORANDUM ORDER

Pending before the Court is (1) Defendants Empower Clinic Services L.L.C. ("Empower"),

Coalition for Responsible Compounding LLC (the "Coalition"), and Shaun Noorian's ("Noorian")

(collectively, "Defendants") Motion to Dismiss Plaintiff TMC Acquisition, LLC d/b/a Tailor Made

Compounding's ("TMC" or "Plaintiff") Amended Complaint for Lack of Personal Jurisdiction and

Improper Venue ("Motion to Dismiss") (D.I. 11), which is fully briefed (D.I. 12; D.I. 25; D.I. 27),

and (2) Plaintiff's Motion for Jurisdictional Discovery and to Amend Briefing Schedule ("Motion

for Jurisdictional Discovery") (D.I. 17), which is also fully briefed (D.I. 17; D.I 20; D.I. 23).  For

the reasons set forth below, the Court denies Defendants' Motion to Dismiss and grants Plaintiff's

Motion for Jurisdictional Discovery.

## I.    BACKGROUND

The following are factual allegations from Plaintiff's Amended Complaint that the Court

accepts as true for the purpose of resolving Defendants' Motion to Dismiss.[1]

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the Amended Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 351 (3d Cir. 2020).

### A.    The Parties

TMC is "a Kentucky limited liability company with a principal place of business at 200 Moore Dr., Nicholasville, Kentucky 40356," with members that are "citizens and residents of Arizona, Kentucky, or Florida." D.I. 5 ¶ 4.  TMC operates "a compounding pharmacy under Section 503A of the Federal Food, Drug, & Cosmetic Act, 21 U.S.C. § 353A ('FD&C Act') that dispenses medications on a patient specific basis pursuant to a prescription from a medical provider." *Id.* ¶ 18.

"Compounding is a traditional pharmaceutical practice that involves combining, mixing, or altering drug ingredients to create a medicine that better suits patient needs – for example, removing an allergen from an FDA-approved drug or lowering its dosage for pediatric patients." *Id.* As a compounding pharmacy, TMC is subject to state regulation and is "licensed by the boards of pharmacy in forty-six (46) states." *Id.* ¶ 19.  Compounding is regulated by the Federal Drug Administration ("FDA") pursuant to the FD&C Act. *Id.* ¶ 20.  Pursuant to § 503(a)(1)(A) of the FD&C Act, TMC only compounds using "Eligible Substances."[2] *Id.* ¶ 21.

Empower, a compounding pharmacy under § 503A of the FD&C Act and a registered outsourcing facility, "is one of TMC's largest competitors." *Id.* ¶ 22.  Shaun Noorian ("Noorian") "is the founder, CEO, and Chairman of the Board of Directors of Empower." *Id.* Noorian is also the founder of the Coalition, a Delaware limited liability company, that represents "compounding

---

[2] "Eligible Substances" are defined as "compounds using bulk substances that (1) comply with an applicable United States Pharmacopeia (USP) or National Formulary (NF) monograph if one exists, and the USP chapter on pharmacy compounding; (2) are components of FDA-approved drug products if an applicable USP or NP monograph does not exist; or (3) appear on Category One of FDA's interim or final list of bulk drug substances that can be used in compounding (the '503A Bulk List') if such a monograph does not exist and the substance is not a component of an FDA-approved drug product." D.I. 5 ¶ 21.

pharmacies and health professionals committed to promoting safe and responsible compounding practices and protecting access to safe compounded drugs." *Id.* ¶¶ 23-24.

**B.    Relevant Allegations and Evidence Regarding the Motion to Dismiss**

"On May 24, 2024, Noorian and the Coalition caused to be filed a complaint with the Wisconsin Board of Pharmacy against TMC ('Wisconsin BOP Complaint')." *Id.* ¶ 26.  The complainant in the Wisconsin BOP Complaint "falsely alleges, among other things, that in October 2023, TMC marketed and made Peptide Drugs available for compounding" in violation of Wisconsin state law, and that "TMC marketed, sold, and distributed these Peptide Drugs despite their failure to satisfy the 503A criteria." *Id.*  The Wisconsin BOP Complaint further alleges that TMC's "behavior shows a disregard for the danger to patients' health in violation of Wisconsin state law and the Federal Food, Drug and Cosmetic Act." *Id.*  TMC alleges that these statements "are false and defamatory." *Id.* ¶ 27.  TMC exclusively compounds with Eligible Substances and "has never compounded BPC-157 nor PTD-DBM." *Id.*

On or around May 24, 2024, Noorian and the Coalition caused to be filed substantially similar complaints with pharmacy boards in Indiana ("Indiana BOP Complaint"), Missouri ("Missouri BOP Complaint"), Michigan ("Michigan BOP Complaint"), and New Mexico ("New Mexico BOP Complaint") against TMC. *Id.* ¶¶ 28-35.  TMC alleges that "the false defamatory statements made by or at the behest of Coalition and Noorian, acting as agent of Empower, regarding TMC are part of a pattern of malicious attacks against Empower's competitors to injure their businesses and thereby advance Empower's business." *Id.* ¶ 37.

In the multiple filed complaints, the complainant includes a copy of TMC's 2023 product catalog with its applicable state board pharmacy communications. *Id.* ¶ 38.  The product catalog, relied exclusively upon by the complainant, contradicts allegations made in the complaint. *Id.* "The complaints themselves [also] contain glaring errors and indications of falsity of the

3

allegations." *Id.* ¶ 39.  On June 7, 2024, TMC contacted Noorian "to demand that the Coalition issue a retraction letter to all state boards where it filed complaints based solely on inaccurate information." *Id.* ¶ 41.

As a result of the Coalition's "false and disparaging statements accus[ing] TMC of producing unsafe products in violation of state and federal law," at least five state boards of pharmacy have initiated investigations into TMC. *Id.* ¶ 43.  The false and defamatory statements have successfully undermined the business of TMC by "damag[ing] TMC's reputation and standing in the pharmaceutical community." *Id.* ¶¶ 42-43.  TMC has also sustained pecuniary injuries, "including, without limitation, the cost of attorneys' fees reasonably incurred in responding to the investigations by the state boards of pharmacy." *Id.* ¶ 44.

On August 2, 2024, TMC filed its Amended Complaint against Defendants for defamation, trade libel, and deceptive trade practices.  D.I. 5.  On October 14, 2024, Defendants filed their Motion to Dismiss seeking dismissal of TMC's Amended Complaint due to lack of personal jurisdiction and improper venue.  D.I. 11.  On October 29, 2024, TMC filed its Motion for Jurisdictional Discovery in connection with Defendants' Motion to Dismiss for lack of personal jurisdiction.  D.I. 17.

## II.    LEGAL STANDARDS

### A.    Personal Jurisdiction

"Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction." *ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-437-GBW, 2024 WL 181545, at *1 (D. Del. Jan. 17, 2024).  When reviewing a motion to dismiss pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Turner v. Prince*

*George's Public Schools*, 694 F. App'x 64, 66 (3d Cir. 2017). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F. 3d 93, 97 (3d Cir. 2004). "If a plaintiff makes factual allegations that suggest the possible existence of requisite contacts between the defendant and the forum state with reasonable particularity, the Court should order jurisdictional discovery." *ACCO Brands USA LLC*, 2024 WL 181545, at *2.

"The determination of whether the court has personal jurisdiction over a party requires a two-part analysis." *Id.* at *1 (citation omitted). "First, the court must determine whether a defendant's actions fall within the scope of a state's long-arm statute." *Id.* "Second, the exercise of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth Amendment." *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 207 (D. Del. 2022), *aff'd*, No. 22-3121, 2023 WL 6291784 (3d Cir. Sept. 27, 2023). Delaware's long arm-statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *LaNuova D&B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986). "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008) (citations omitted); see also *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "This minimum contacts doctrine can be met through a showing of general jurisdiction or specific jurisdiction." *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 666 (D. Del. 2018) (citation omitted).

5

**B.    Venue**

28 U.S.C. § 1391 governs venue of all civil actions brought in United States district courts and provides that any civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  28 U.S.C. § 1406 applies when venue is improper under 28 U.S.C. § 1391 and provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.    DISCUSSION

### A.    TMC Has Made a Prima Facie Showing of Personal Jurisdiction Over Empower

Empower contends that TMC does not sufficiently allege that the Court has personal jurisdiction over it.  As discussed above, to establish personal jurisdiction, TMC must show that (1) "there is a statutory basis for jurisdiction under the forum state's long arm statute" and (2) "the exercise of jurisdiction comports with [Empower's] right to due process." *L'Athene, Inc. v. Earthspring LLC*, 570 F. Supp. 2d 588, 590 (D. Del. 2008).  The Court addresses each of TMC's arguments below.

#### 1.    Empower Is Not Subject to Specific Jurisdiction

TMC alleges that "[t]his Court has personal jurisdiction over Empower pursuant to 10 *Del. C.* § 3104(c)(1) because Empower transacts business in the State." D.I. 5 ¶ 14.  Under § 3104(c)(1),

6

specific personal jurisdiction is proper over any nonresident who, in person or through an agent, "[t]ransacts any business" in the State, so long as the claims in question "aris[e] from" that transaction of business. 10 Del. C. § 3104(c)(1). The transaction need not be continuous; "even a single transaction is sufficient if the claim has its origin in the asserted transaction." *Uribe v. Maryland Auto. Ins. Fund*, 115 A.3d 1216, at *4 (Del. 2015). TMC contends that this Court has specific personal jurisdiction over Empower because Noorian "acted as the agent of Empower in forming the Coalition, and the Coalition acted as the agent of Empower and Noorian in making the defamatory statements to state boards of pharmacy." D.I. 26 at 7-8. In other words, TMC claims that the Coalition's Delaware status should be attributed to Empower because the Coalition acted as Empower's agent.

Empower does not dispute that it transacts business in Delaware through routine sales, similar to those it conducts in every state. *See* D.I. 12 at 7 ("Empowers only connection to Delaware is routine sales."). Instead, Empower asserts that TMC's causes of action bear no relationship to those activities. *See Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. 02-123, 2004 WL 503602, at *4 (D. Del. Mar. 11, 2004) ("Delaware state courts have interpreted the 'transacting business' provision of § 3104(c)(1) as a specific jurisdiction provision that requires a nexus between the cause of action and the conduct used as a basis for jurisdiction."). TMC alleges that Defendants defamed TMC by submitting complaints to pharmacy boards in five states, and none of which was Delaware. Those five complaints, not Empower's sales activity, form the basis of TMC's claims. TMC attempts to bridge this gap by asserting that the Coalition, a Delaware limited liability company, acted as Empower's agent. However, even if the Court accepted that premise, TMC's theory would still fail because the alleged defamatory conduct remains wholly disconnected from any business that Empower has transacted in Delaware. *See id.* Thus, the

statutory requirement that the claims "arise from" that transaction of business remains unsatisfied. Since TMC has not established a statutory basis for the exercise of personal jurisdiction over Empower under § 3104(c)(1), the Court need not address whether the exercise of jurisdiction would comport with due process.

### 2.    TMC Has Made a Prima Facie Showing of General Jurisdiction and is Entitled to Jurisdictional Discovery

TMC also alleges that "[t]his Court has personal jurisdiction over Empower pursuant to 10 *Del. C.* § 3104(c)(4) because Empower regularly solicits business in the State, derives substantial revenue from things consumed in this State, and caused a tortious injury to TMC." D.I. 5 ¶ 15. Subsection (c)(4) of the Delaware long-arm statute provides for the exercise of general jurisdiction. *See Thompson v. Roman Catholic Archbishop of Wash.*, 735 F. Supp. 2d 121, 127 (D. Del. 2010). Unlike the specific jurisdiction provisions, subsection (c)(4) allows jurisdiction over a nonresident if the nonresident or its agent causes a tortious injury by an act outside of Delaware. *See* 10 Del. C. § 3104(c)(4). Subsection (c)(4) requires that the defendant or its agent "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." *Id.* "While seemingly broad, the standard for general jurisdiction is high in practice and not often met." *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003).

Empower is a Texas limited liability company with its principal place of business in Houston, Texas. D.I. 1 ¶ 6. Empower claims that it does not maintain facilities or staff in Delaware. D.I. 12 at 3. Empower contends that it is not "at home in Delaware" and "does not engage in the type of regular or persistent conduct in Delaware required to confer general jurisdiction." *Id.* at 6. However, Empower admits that it transacts "routine sales" in Delaware in the same manner as it does in every other state. *Id.* at 3. The Court concludes that Empower's

8

routine sales are sufficient to establish a statutory basis for general personal jurisdiction. By engaging in such sales, Empower "regularly does or solicits business" or engages in a "persistent course of conduct" in Delaware, and therefore satisfies subsection (c)(4) of Delaware's long arm statute. *See Cephalon, Inc. v. Watson Pharms.*, Inc., 629 F. Supp. 2d 338, 348 (D. Del. 2009).

Having found that a statutory basis for personal jurisdiction exists, the Court must next analyze whether the exercise of personal jurisdiction comports with due process. Specifically, whether TMC has demonstrated that Empower "purposefully avail[ed] [itself] of the privilege of conducting activities within [Delaware]," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (internal citations omitted). For the Court to exercise general personal jurisdiction consistent with due process, TMC's causes of action can be unrelated to Empower's activities in Delaware so long as Empower's contacts with Delaware are so "continuous and systematic as to render [it] essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citations omitted).

Having considered TMC's allegations, the Court finds that TMC has made a prima facie showing sufficient to establish general jurisdiction over Empower that comports with due process. "A prima facie case requires factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Grynberg v. Total Compagnie Francaise Des Petroles*, No. 10-1093, 2012 WL 4105089, at *2 (D. Del. Sept. 18, 2012). To satisfy its burden, TMC relies on the allegations set forth in its Motion for Jurisdictional Discovery to demonstrate that the Court has personal jurisdiction over Empower. D.I. 26 at 5-7. Specifically, TMC asserts that "Noorian's admission that Empower conducts business in Delaware, together with Empower's Delaware pharmacy licenses/permits and

9

submission to the jurisdiction of the Board, and the formation by Empower in Delaware of Empower's Delaware Affiliate . . . are so continuous and systematic to render Empower essentially at home in the State." *Id.* at 6. The Court finds that the totality of the alleged contacts with Delaware, viewed collectively rather than in isolation, is sufficient to satisfy TMC's prima facie burden of establishing general jurisdiction over Empower. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 335 (3d Cir. 2009) (finding that the defendant's alleged contacts, viewed cumulatively rather than in isolation, were sufficient to support the exercise of general personal jurisdiction). Although none of this evidence, standing alone, demonstrates that Empower has an overwhelming presence in Delaware, the allegations collectively are sufficient to support the inference that Empower has maintained continuous and systematic contacts with Delaware. *See id.* Thus, TMC has made a prima facie showing that the exercise of general jurisdiction over Empower comports with due process.

Since TMC has established a prima facie showing that the Court may exercise personal jurisdiction over Empower, the Court grants TMC's Motion for Jurisdictional Discovery on the issue of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." (internal citation omitted)); *see Grynberg*, 2012 WL 4105089, at *2 ("The Third Circuit instructs that if 'the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging ... [its] burden.'" (quoting *Metcalfe*, 566 F.3d at 336)).

### B.  TMC is Entitled to Venue Related Discovery

Defendants move the Court to dismiss this action for improper venue under § 1391(b) or, in the alternative, transfer to the Southern District of Texas. TMC admits that § 1391(b)(1) does

10

not apply because "all of the Defendants are not residents of the same state" in which the district is located. D.I. 26 at 9. TMC asserts that venue is proper under § 1391(b)(2) because there exists "a nexus between the Coalition's formation and Defendants' tortuous conduct." D.I. 26 at 10. TMC also asserts that venue is proper under § 1391(b)(3) because "Defendants concede that the Coalition and Noorian are subject to personal jurisdiction in Delaware." D.I. 26 at 11. In addition to seeking discovery related to personal jurisdiction, TMC also seeks discovery to determine whether venue is proper in Delaware under §1391(b)(2) or (3). The Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978). "To show that discovery is warranted, a party must, at a minimum, state a non-frivolous basis for venue and do so with reasonable particularity." *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. 18-1043, 2019 WL 2502535, at *3 (D. Del. June 17, 2019). The Court finds that TMC has sufficiently stated a non-frivolous basis for venue with reasonable particularity. Given the overlap between the facts relevant to venue and those relevant to personal jurisdiction, the Court will permit limited discovery on both issues.

## IV.    CONCLUSION

For all the foregoing reasons, the Court denies Defendants' Motion to Dismiss without prejudice and grants TMC's Motion for Jurisdictional Discovery.

* * * * *

11

WHEREFORE, at Wilmington this 22nd day of July 2026, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss TMC's Complaint for Lack of Proper Jurisdiction and Improper Venue (D.I. 11) is **DENIED** without prejudice, and Plaintiff's Motion for Jurisdictional Discovery and to Amend Briefing Schedule (D.I. 17) is **GRANTED**. The parties are directed to submit a joint proposed scheduling order governing jurisdictional and venue discovery.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

12